## SANDERS v. PAGE ET AL.

The president of a corporation, at its request, advanced by his note $500 as an advance payment upon a contract for castings ordered by it, and the contractor collected and gave the corporation credit for the note, which was paid when due by the president. The contract

having been countermanded before the entire sum was earned, the
president sent an order for the balance, which was not then paid,
but was afterwards attached as a debt due the corporation. *Held*,
that the sum due could not be claimed by the president as due him,
the transaction amounting to a loan to the corporation.

*Error to Superior Court of Denver.*

Messrs. McDONALD and NORRIS, for plaintiff in error.

Messrs. ALLEN and SPECK, for defendants in error.

DE FRANCE, C.   The defendants in error, John C. and
Charles F. Page, as partners, brought suit by attachment
against the Hand Hoister Manufacturing & Mining Com-
pany, a corporation, in which suit the Colorado Iron
Works was summoned as garnishee.   The garnishee an-
swered, admitting an indebtedness to the defendant of
$120.72.   Thereupon the plaintiff in error, Sanders, ap-
peared and filed a petition, duly verified, claiming that
this sum of $120.72 so attached was due to him from the
Colorado Iron Works, and not to the Hand Hoister Manu-
facturing & Mining Company.   Issue was joined upon
this claim and tried by the court without a jury, resulting
in a judgment adverse to Sanders.   We are asked to re-
view the finding of the court upon the evidence, and to
reverse the judgment.

The evidence introduced in support of the issue joined
upon such claim shows that the Hand Hoister Manufact-
uring & Mining Company had contracted with the Colo-
rado Iron Works for certain castings to be made by the
latter company; that this latter company shortly after-
wards requested that some money should be advanced
upon such contract in the way of payment; that the
former company had no ready money at the time, and
that Sanders, who was its president, advanced $500 for it
by giving his promissory note, upon which the cash was
obtained at a bank by the latter company, and the amount
so obtained ($500) was credited by it to the Hand Hoister

Manufacturing & Mining Company. This note was afterwards paid by Sanders when it became due. Before the work thus contracted for had been completed by the Colorado Iron Works Company, the Hand Hoister Manufacturing & Mining Company, having changed the plan of the machines it had contemplated building, and for which the castings were ordered, countermanded the order therefor, but on account of the work already done, or upon this and other accounts not made clear by the evidence, charges accrued in favor of the Colorado Iron Works Company, and against the Hand Hoister Manufacturing & Mining Company, to the amount of $379.28, thus leaving a balance due the latter company of $120.72. Before the garnishee process was served Sanders sent an agent to the Colorado Iron Works Company with an order for such balance; but it was not then paid, and before a further call was made for its payment the garnishee process was served. In his petition Sanders alleges that he advanced the $500 at the request of the Hand Hoister Manufacturing & Mining Company. Considering this allegation in connection with the evidence, we discover no error in the finding or judgment. Upon advancing the $500 for the Hand Hoister Manufacturing & Mining Company, at its request, Sanders became its creditor for that amount, and should look to it for the same. The relation of creditor and debtor between him and the Colorado Iron Works Company was not created by this transaction. No subsequent agreement changing this condition of affairs or the relationship of the parties is shown to have been made. The judgment should be affirmed.

STALLCUP and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*